UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUET WONG,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:18-CV-1273 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Fay Servicing, LLC's ("Fay") motion to dismiss. (ECF No. 6). Plaintiff Suet Wong ("plaintiff") filed a response (ECF No. 14), to which Fay replied (ECF No. 15).

Also before the court is defendants Bank of America, NA ("BANA") and Countrywide Home Loans, Inc's ("Countrywide") motion to dismiss. (ECF No. 10). Plaintiff filed a late response (ECF No. 21).

Lastly before the court is BANA and Countrywide's motion to strike plaintiff's late response. (ECF No. 22). Plaintiff has not filed a response, and the time to do so has passed.

**I.　　Facts**

This action is plaintiff's sixth in a successive string of lawsuits before the United States District Court regarding the allegedly "invalid lien" ("deed of trust") on the property located at 5402 Night Swim Lane, Las Vegas, Nevada 89113 ("the property").[1]

---

[1] *See Suet Wong v. BAC Home Loans, et al*. 2:11-01608-GMN-CWH (D. Nev. Oct. 11, 2012); *Suet Wong v. Citi Home Loans Servicing, LP, et al*. 2:11-cv-01428-ECR-GWF (D. Nev. May 23, 2012); *Suet Wong v. Bank of America Home Loans, N.A., et al*. 2:13-cv-01438-JCM-CWH (D. Nev. April 1, 2014); *Suet Wong v. Countrywide Home Loans, Inc., et al.* 2:15-cv-01398-

**James C. Mahan**
**U.S. District Judge**

Plaintiff's complaint alleges the following, in relevant part:

In 2003, plaintiff "obtained a new first mortgage from [Countrywide] refinancing the existing first mortgage in the amount of $106,000 . . . The [deed of trust] by Countrywide was incomplete and contains only the first four pages and legal descriptions . . . This deed of trust was prepared by Matthew T. Gantt at the top and Countrywide shows this was prepared by the lender, and not a mistake of [p]laintiff." (ECF No. 1 at 2). Accordingly, plaintiff alleges that the deed of trust is defective and cannot be used to foreclose on the property. *Id.* at 3.

In light of the foregoing facts, plaintiff initiated this lawsuit against defendants, *pro se*, on July 12, 2018, alleging two purported claims for (1) "invalid lien," and (2) "breach of good faith and fair dealing in resolving issues." (ECF No. 1).

The court now considers defendants' motions to dismiss plaintiff's claims against them.

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

---

JCM-VCF (D. Nev. Feb. 23, 2016); *Suet Wong v. Countrywide Home Loans, Inc., et al.*, 2:16-cv-01012-JCM-CWH (D. Nev. Jan. 9, 2017).

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged − but it has not shown − that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As a preliminary matter, the court takes judicial notice of the recorded deed of trust at issue in this case, which the court may do without converting defendants' motions to dismiss into motions for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). *See* (ECF No. 9-4). The deed of trust has been made part of the record in this case by BANA and Countrywide. *Id.*

The court agrees with defendants that plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. Indeed, "invalid lien" is not a cause of action in the State of Nevada. Even construing plaintiff's claims liberally, the facts as alleged by plaintiff neither state the non-existent claim of "invalid lien," nor do they state a valid claim for any other cause of action. *See* (ECF No. 1).

Moreover, plaintiff's allegations do not satisfy the elements of a cause of action for breach of the implied covenants of good faith and fair dealing. *Id.* Under Nevada law, to establish a claim for breach of the implied covenants of good faith and fair dealing, a plaintiff must prove: "(1) the existence of a contract between the parties; (2) that defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied." *Shaw v. CitiMortgage, Inc.*, 201 F.Supp.3d 1222, 1251 (D. Nev. 2016).

Here, plaintiff fails to allege that defendants breached their duties of good faith. *See* (ECF No. 1). Rather, plaintiff states in a conclusory fashion that the deed of trust on the property is invalid, and that their "misrepresentation" has caused plaintiff "to be in default of the [deed of trust]." *Id*. Such conclusory statements are insufficient to support plaintiff's claim. *Iqbal*, 556 U.S. at 678–79.

Indeed, plaintiff's assertion that the deed of trust "was incomplete and contains only the first four pages and legal descriptions" is patently false. The deed of trust is a 16-page document containing all the typical provisions of a standard deed of trust. (ECF No. 9-4). Moreover, plaintiff's initials appear in the bottom-right corner of fifteen (15) of the sixteen (16) pages. *Id.* Therefore, the sole grounds upon which plaintiff claims the deed of trust is invalid is without merit and cannot support her purported causes of action.

Accordingly, the court finds that plaintiff's complaint fails to state any claim upon which relief can be granted. Therefore, defendants' motions to dismiss are granted. Finally, the court will deny as moot BANA and Countrywide's motion to strike.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fay's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA and Countrywide's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA and Countrywide's motion to strike (ECF No. 22) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED February 27, 2019.

                                          /s/ James C. Mahan
                                      UNITED STATES DISTRICT JUDGE